REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRINE CASSIDY, as an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REEBOK INTERNATIONAL LTD.; and DOES 1-50, inclusive,<br><br>Defendant. | No.: 2:10-cv-09966-AHM-FFM<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>[FED. R. CIV. P. 26(c)]<br><br>The Honorable A. Howard Matz<br><br>Compl. Filed: November 24, 2010<br>Compl. Removed: December 28, 2010<br>Trial Date: February 14, 2012<br><br>**NOTE CHANGES MADE BY COURT** |

After consideration of the parties' Stipulation for Entry of Protective Order, and good cause appearing therefor, the following Protective Order is ENTERED:

**DEFINITIONS**

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including, but not limited to, documents,

portions of documents, answers to interrogatories, responses to requests for admissions, ~~trial testimony~~, deposition testimony, and transcripts ~~of trial testimony~~ and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be confidential by any party or non-party to which it belongs.  **(FFM)**

2. The term "materials" shall have the broadest interpretation as to encompass anything and everything produced and/or disclosed in accordance with this Stipulated Protective Order and shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; electronically stored information; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and designated contract attorneys and other support staff employed in the law firms identified below.  "Counsel" shall also include in-house attorneys for Reebok and any other attorneys who are employees of a Party.

4. The term "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include any present directors, officers, or employees of any party.

5. The term "producing party" shall mean a Party or non-party that produces materials in the course of this litigation.

6. The term "designating party" shall mean a Party or non-party that designates materials that it produces in disclosures or in discovery as "Confidential."

7. The term "receiving party" shall mean a Party that receives materials from a producing party in the course of this litigation.

**GENERAL RULES**

8. Each Party or non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, ~~trial testimony~~, deposition testimony, and transcripts of ~~trial testimony and~~ depositions, or information that the producing and/or designating party believes should be subject to this Stipulated Protective Order can designate the same as "CONFIDENTIAL." **(FFM)**

　　a. Designation as "CONFIDENTIAL": Any Party or non-party to this litigation may designate information as "CONFIDENTIAL" if that Party or non-party believes, in good faith, that the materials contain proprietary information, confidential business or financial information, information that may for any business or competitive purposes need to be protected from disclosure, trade secrets, and/or information in which that Party or non-party has a privacy interest or an interest to keep confidential.

9. In the event that a Party or non-party produces documents in response to a request for production of documents or subpoena, the producing party may designate documents (including any portions thereof and any information contained therein) as Confidential and shall stamp, mark, or place a label on those documents stating "CONFIDENTIAL."

10. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential Information of a Party or non-party:

　　a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Stipulated Protective Order; such designation may be made on the record, but the Party or non-party offering or sponsoring the testimony may also designate said deposition or portions of the

deposition as containing Confidential Information after transcription of the proceedings; the designating party shall have until fifteen (15) days after receipt of the deposition transcript to inform the Parties of the portions of the transcript designated "CONFIDENTIAL;"

    b.    the Party or non-party offering the testimony shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, consultants or experts retained by any party, and the person(s) agreed upon pursuant to paragraph 12 below; and

    c.    the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing in its entirety shall be filed under seal in accordance with Paragraph 16, below. Nothing in this Order shall prevent a party from presenting any portion of any deposition transcript not designated "CONFIDENTIAL" by any means.

11.    All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and those who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order" (attached hereto as "Exhibit A") and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

12.    Information designated "CONFIDENTIAL" shall be disclosed only to (a) the Court and its officers in this litigation pursuant to paragraph 15 of this Stipulated Protective Order; (b) any Party, or any in-house counsel, officer, director, or employee of a Party to the extent deemed reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action; (c) counsel of record for each Party and contract attorneys or personnel employed by counsel of record; (d) experts and/or

consultants (together with their staff) retained by counsel of record on behalf of the parties; (e) mediators and/or discovery referees selected by counsel of record on behalf of the parties or appointed by the Court in this action who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order" (attached hereto as "Exhibit A"); (f) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation employed in this action who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order"; (g) non-party witnesses at any depositions or other pretrial proceedings in this action to the extent deemed reasonably necessary by Counsel to aid in the prosecution, defense, or settlement of this action, who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order"; and (h) any other persons who have signed the "Acknowledgement and Agreement to Be Bound by The Stipulated Protective Order".

13. As long as Counsel has explained the contents of Exhibit A to any third party and obtained the signature of the third party, no Counsel shall be responsible for any disclosures, inadvertent or otherwise, made by the third party of any Confidential Information.

14. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

15. All information which has been designated as "CONFIDENTIAL" by the producing or designating party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Stipulated Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

16. All material designated "Confidential" in accordance with the terms of this Stipulated Protective Order that is filed with the Court, and any pleadings, motions or other papers containing material designated "Confidential," shall be filed in accordance with the procedures set forth in Central District of California Local Rule 79-5.1.

17. At any stage of these proceedings, any Party may object to a designation of materials as Confidential Information. The Party objecting to confidentiality shall notify, in writing, Counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, either party, or the parties jointly, may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved. **Any such motion must comply with Local Rule 37. (FFM)**

18. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each Party, and each persons receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Stipulated Protective Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the designating party and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

19. No Party shall be responsible to another Party or non-party for disclosure of Confidential Information under this Stipulated Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Stipulated Protective Order.

– 6 –
STIPULATED PROTECTIVE ORDER

20. If a Party or non-party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Stipulated Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Stipulated Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, except to the extent that such notification may unjustifiably disclose attorney work product. Counsel for the Parties and producing party shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

21. Nothing herein shall prejudice the right of any Party or non-party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product, and for any Party to compel the production of same material.

22. Nothing in this Stipulated Protective Order shall bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed, except as provided in Paragraph 12.

23. This Stipulated Protective Order shall be without prejudice to the right of any Party or non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information, and without any prejudice to the right of any Party to compel the production of any information. The existence of the Stipulated Protective Order shall not be used as a

basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

24. If any Party has obtained Confidential Information in accordance with this Stipulated Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly notify the producing and/or designating party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process). Notwithstanding the foregoing, nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

25. Upon final termination of this action, including any and all appeals, Counsel shall, upon request of the producing party, return all Confidential Information to the Party or non-party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel of record for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by the Stipulated Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by the Stipulated Protective Order with respect to all such retained information.

26. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a

– 8 –
STIPULATED PROTECTIVE ORDER

1  result of disclosure by the receiving party, its employees, or its agents in violation of the Stipulated Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

27. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

28. Transmission by email to the addresses set forth on the caption of the Stipulation for Protective Order, or to other addresses as may be agreed by the parties in writing, with a subject heading referring to this Action and to this Stipulated Protective Order, is acceptable for all notification purposes herein.

29. This Stipulated Protective Order may be modified by agreement of the parties, subject to approval by the Court.

30. The Court may modify the terms and conditions of this Stipulated Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Stipulated Protective Order and the content of those modifications, prior to entry of such an order.

Based on the above stipulation, and good cause appearing, **IT IS SO ORDERED**.

Dated: May 23, 2011            /S/ FREDERICK F. MUMM

Honorable Frederick F. Mumm
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO KEEP INFORMATION CONFIDENTIAL

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that:

1. I have read in its entirety and understand the Stipulated Protective Order entered in *Sandrine Cassidy v. Reebok International Ltd.*, Case No. 2:10-cv-09966-AHM-FFM, and have received a copy of the Stipulated Protective Order.

2. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I promise that I will use any and all "Confidential Information," as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist Counsel in the litigation of this matter.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____			_____
						(Print Name)

						_____
						(Signature)